[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 19 March 1993 Date of Application 19 March 1993 Date Application Filed 22 March 1993 Date of Decision 26 November 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford. Docket No. CR91-83124 CT Page 9007
Kim Graham, Esq. For the Petitioner.
Carl Taylor, Esq. For the State of Connecticut.
BY THE DIVISION
The petitioner was convicted of one count of murder by jury in violation of Conn. Gen. Stat. § 53a-54a; one count of carrying a pistol without a permit in violation of Conn. Gen. Stat. § 29-35; one count of carrying a weapon in a motor vehicle in violation of Conn. Gen. Stat. § 29-38; and one count of possession of a sawed-off shotgun in violation of Conn. Gen. Stat. § 53a-211 (a). The petitioner was sentenced to 45 years to serve on the murder, and five years to serve on each of the other charges to run concurrently for a total effective sentence of 45 years to serve.
The record shows that the petitioner and victim were truck drivers of the same California company. The petitioner and the victim became involved in an argument which was initially broken up by a third party. As the victim and the interceder were walking away the petitioner produced a hand gun and shot the victim in the back. The death was certified as a homicide with the victim dying of a gun shot wound to the chest.
At the hearing counsel for the petitioner claimed that the petitioner was a diabetic and at the time of the incident he was suffering from a severe hyperglycemic diabetic reaction. Counsel felt that the issue of the diabetic condition of the petitioner was not given enough play during the trial before the jury and that the court did not give it sufficient weight in its sentence. Counsel also noted that the petitioner's whole family is in California, which limits their ability to visit the petitioner.
Petitioner when he spoke to the panel noted that he was under psychiatric care until 1986 and that the shooting was an accident. Petitioner told the panel that he exercised poor judgment due to his insulin reaction. He also felt when he addressed the sentencing court due to his inability to CT Page 9008 communicate he could not make himself understood property. He also stated that he had no convictions for violence in the past.
The attorney for the state objected to any reduction of sentence, confirming that the petitioner shot the victim in the back and that there was no apparent danger to the petitioner from the victim. The petitioner shot a defenseless man, who was a Viet Nam veteran, and a family man. His actions devastated the family of the victim causing great harm to the family unit. Counsel pointed out to the panel that the petitioner had an extensive criminal record and that he was a career criminal and recidivist. Petitioner has and continues to exhibit violent aggressive anti-social behavior and that the sentence imposed by the court was appropriate for the nature and severity of the crime. He urged that the sentence be affirmed.
In reviewing the sentence imposed by the court, we find that it was way below the maximum that could be given by the court. When considering the violence of the act of murder and taking into consideration the criminal history of the petitioner, we find that the sentence imposed not to be disproportionate and appropriate when compared with the mandates of Practice Book 942.
THE SENTENCE IS AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participated in this decision.